UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH M. WOJNICZ,

    Petitioner,                 CRIMINAL ACTION NO. 59-37873

    v.                            DISTRICT JUDGE LAWRENCE P. ZATKOFF

UNITED STATES OF AMERICA,     MAGISTRATE JUDGE VIRGINIA M. MORGAN

    Respondent.
_____/

**REPORT AND RECOMMENDATION TO DENY
"AMENDED PETITION AND MEMORANDUM
IN SUPPORT OF EXTRAORDINARY WRIT PURSUANT TO 28 U.S.C. 1651(a)"**

**I. Introduction**

This case comes before the court on petitioner's Amended Petition and Memorandum in support of Extraordinary Writ Pursuant to 28 U.S.C. § 1651(a) (D/E #18), in which petitioner seeks to set aside a 1960 conviction for Unlawful Possession of Firearms. Petitioner seeks either a writ of *audita querela* or a writ of *coram nobis*. The government filed a response in opposition to the amended petition (D/E #23). For the reasons stated below, the court recommends that the amended petition (D/E #18) be **DENIED** and that this case be closed.

**II. Background**

In light of the fact that petitioner is attacking a conviction obtained in 1960, it is unsurprising that the factual background of this case is unclear. Petitioner does, however,

-1-

provide some exhibits regarding the history of this case. (Amended Petition, Exhibits A-D) According to the Information filed in federal court, petitioner unlawfully and knowingly possessed a sawed-off shotgun without having registered it on or about November 26, 1959. (Information; attached as Exhibit B to Amended Petition) On November 30, 1959, petitioner signed a "Waiver of Assignment of Counsel" form. (Waiver; attached as Exhibit C to Amended Petition) On March 1, 1960, petitioner pled guilty to the offense of unlawful possession of a firearm and was sentenced to treatment and supervision pursuant to the Federal Youth Correction Act. (Guilty Plea and Sentence; attached as Exhibit D to Amended Petition)

As displayed in the Michigan Offender Tracking Information System sheet provided by the government, petitioner's subsequent criminal history also includes convictions for Attempted Larceny in a Building in 1962, Rape in 1966, Larceny in a Building in 1966, Attempted Rape in 1968, Armed Robbery in 1975, Assault with Intent to Commit Criminal Sexual Conduct in 1975, Assault with Dangerous Weapon in 1975, and Kidnapping in 1984. (Offender Tracking Sheet for Petitioner; attached as Exhibit A to the Response) Petitioner is currently serving a life sentence for the kidnapping conviction. (Offender Tracking Sheet for Petitioner; attached as Exhibit A to the Response)

On January 11, 2008, petitioner filed a petition and memorandum requesting a writ pursuant to 28 U.S.C. § 1651(a) (D/E #2). On September 25, 2009, petitioner amended his filing (D/E #18). In that amended petition, petitioner argues that his 1960 conviction for Unlawful Possession of Firearms was invalid because petitioner, who was only eighteen years-old at the time, pled guilty and was sentenced without the benefit of counsel. Petitioner further alleges

that, because that federal conviction was later used to enhance the sentence for his kidnapping conviction, the court should issue a writ freeing his from the life sentence imposed in 1984 in Michigan state court.

On November 15, 2010, the government filed a response in opposition to the amended petition (D/E #23). In that response, the government argues that the amended petition for a writ of *coram nobis* is barred by the equitable doctrine of laches. The government also argues that petitioner's request is inappropriate as it is not at all clear that his current life sentence is predicated on the gun conviction attacked here.

## III. Discussion

Petitioner seeks a writ of *audita querela* or a writ of *coram nobis*. Courts have noted that the difference between *coram nobis* and *audita querela* is one of timing, not substance, and depends on when the alleged violation occurred. See, *e.g.*, U.S. v. Crowell, 374 F.3d 790, 795 n. 4 (9th Cir. 2004) (quoting Doe v. I.N.S., 120 F.3d 200, 203 n. 4 (9th Cir. 1997)); United States v. Reyes, 945 F.2d 862, 863 n. 1 (5th Cir. 1991). "*Coram nobis* is available to redress an adverse consequence resulting from an illegally imposed criminal conviction or sentence" while *audita querela* is "probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." U.S. v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (internal citations omitted). In this case, both of the requests should be denied.

### A. Writ of *Audita Querela*

"A writ of *Audita Querela* is a 'common law writ constituting the initial process in an

action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise.'" Frost v. Snyder, 13 Fed. Appx. 243, 246 n. 1 (6th Cir. 2001) (quoting Black's Law Dictionary 131 (6th ed.1990)).  See also U.S. v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) ("*Audita querela* is an old common-law writ permitting a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" (quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2867, at 235 (1973))).  Given that standard, petitioner's request for a writ of *audita querela* is misplaced as he is not challenging his conviction on the basis of a legal objection that arose subsequent to the conviction.  See LaPlante, 57 F.3d at 253.  See also U.S. v. Holder, 936 F.2d 1, 5 (1st Cir. 1991) (holding that the writ of *audita querela* is not available to challenge a conviction where nothing occurs after the conviction to create a legal objection to that conviction).  Instead, petitioner asserts that the conviction was invalid at the time it was issued and he is limited to seeking a writ of *coram nobis* here.  Accordingly, the amended petition for writ of *audita querela* must be denied.

### B. Writ of *Coram Nobis*

The All Writs Act, 28 U.S.C. § 1651, authorizes a district court to issue a writ of error *coram nobis*.  U.S. v. Morgan, 346 U.S. 502, 511, 74 S.Ct. 247, 98 L.Ed. 248 (1954). According to Morgan, the writ is an "extraordinary remedy [to be used] only under circumstances compelling such action to achieve justice." Morgan, 346 U.S. at 511.  Additionally, the Supreme Court has also found that, "it is difficult to conceive of a situation in a federal criminal case

today where [a writ of *coram nobis*] would be necessary or appropriate." Carlisle v. U.S., 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (citing U.S. v. Smith, 331 U.S. 469, 475, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947)). The Sixth Circuit has similarly stated that " *[c]oram nobis* is an extraordinary writ, used only to review errors of the most fundamental character-*e.g.*, errors rendering the proceedings themselves invalid." U.S. v. Johnson, 237 F.3d 751, 755 (2001); Blanton v. U.S., 94 F.3d 227, 231 (6th Cir. 1996).

The three-part test for a petitioner seeking *coram nobis* relief requires petitioner to show: "1) an error of fact; 2) unknown at the time of trial; 3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." Johnson, 237 F.3d at 755. Moreover, "the writ of *coram nobis* is available only 'when a § 2255 motion is unavailable-generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief.'" Johnson, 237 F.3d at 755 (citing Blanton, 94 F.3d at 230).

Respondent argues that petitioner's request is barred by the doctrine of laches. "[L]aches is 'a negligent and unintentional failure to protect one's rights.'" U.S. v. City of Loveland, Ohio, 621 F.3d 465, 473 (6th Cir. 2010) (quoting Elvis Presley Enters., Inc. v. Elvisly Yours, Inc., 936 F.2d 889, 894 (6th Cir. 1991). "A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc., 270 F.3d 298, 320 (6th Cir. 2001). The Sixth Circuit has held that the doctrine of laches may bar a petition for a writ of *coram nobis*. See Blanton, 94 F.3d at 231; Spaulding v. United States, 155 F.2d 919, 921 (6th Cir.1946). As noted

in Blanton, "sound policy dictates that *coram nobis* claims be brought as early as possible to prevent the suffering imposed by illegal convictions and to prevent the government from being prejudiced in its efforts to reprosecute meritorious cases." Blanton, 94 F.3d at 231.

In this case, while petitioner pleaded guilty without having a lawyer during proceedings in 1959, he waited fifty-one years to file this petition. Moreover, as noted by the government, the alleged effect of the conviction in this case, *i.e.* the life sentence imposed in 1984, has been known to petitioner for more than twenty-five years and he never acted on it. Either of those two time periods demonstrates a lack of diligence by petitioner and the Sixth Circuit has not excused lesser delays with respect to such petitions. See, *e.g.,* Kerkman v. U.S., 200 Fed. Appx. 578, 581 (6th Cir. 2006) (finding a ten-year delay unreasonable); United States v. Nyhuis, 40 Fed. Appx. 80, 81 (6th Cir. 2002) ("A ten-year delay does not constitute an exercise of reasonable diligence."); Craven v. United States, 26 Fed. Appx. 417, 419 (6th Cir. 2001) (finding a seven-year delay unreasonable).

Moreover, the government would be severely prejudiced by this action going forward. There is no longer a transcript of the proceedings against petitioner available. Similarly, the availability of any witnesses, or their ability to remember events from so long ago, is doubtful. Consequently, there is no way to determine the validity of the petition or for the government to rebut petitioner's assertions. As such, the government would be severely prejudiced. See Kerkman, 200 Fed. Appx. at 581 (recognizing that the government would be prejudiced by allowing a petition for writ of *coram nobis* where most of the relevant documents have already been returned to their rightful owners or disposed of according to governmental record retention

policies).

Under the circumstances presented here, with petitioner having unreasonably delayed in bringing this action and the prejudice the government would suffer, this court concludes that the petition for writ of *coram nobis* is barred by the equitable doctrine of laches.

**IV. Conclusion**

For the reasons stated above, this court recommends that the amended petition (D/E #18) be **DENIED** and that this case be closed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

        S/Virginia M. Morgan
        Virginia M. Morgan
        United States Magistrate Judge

Dated: December 6, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Kenneth Wojnicz via the Court's ECF System and/or U. S. Mail on December 6, 2010.

        s/Jane Johnson
        Case Manager to
        Magistrate Judge Virginia M. Morgan