UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Respondent,

vs.

KENNETH M. WOJNICZ

        Petitioner.

_____/

CASE NO. 59-37873
HON. LAWRENCE P. ZATKOFF

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed an Amended Petition and Memorandum in Support of Extraordinary Writ pursuant to 28 U.S.C. § 1651 (the "Petition") (Docket #18). At the direction of Magistrate Judge Virginia M. Morgan, the government responded to the Petition on November 15, 2010, and Petitioner filed a reply on November 29, 2010. This matter is currently before the Court on Magistrate Judge Morgan's December 6, 2010, Report and Recommendation (Docket #25), wherein Magistrate Judge Morgan recommends that the Petition be denied. Petitioner file timely objections to the Report and Recommendation.

After a thorough review and consideration of the court file, including the Petition, the government's response and Petitioner's reply, as well as the Report and Recommendation and Petitioner's objections thereto, the Court adopts the Report and Recommendation and enters it as the findings and conclusions of the Court. In addition, the Court briefly addresses each of Petitioner's objections to the Report and Recommendation.

Petitioner first argues that the Magistrate Judge did not have authority to address his petition. Despite extensive argument on this issue, Petitioner overlooked the fact that the Court referred consideration of his petition to the Magistrate Judge by formal order. *See* Docket #20 (Order of Reference to United States Magistrate Judge, specifically identifying 28 U.S.C. § 636(b)(1)(B)). Petitioner's first argument therefore fails.

Petitioner next argues that the Magistrate Judge erred in concluding that the government was prejudiced by Petitioner's delay in bringing his Petition. Like the Magistrate Judge, however, the Court finds that a delay of nearly 50 years (or even 37 years, if the Court relies on the date that Petitioner began the process of challenging his 1984 conviction) is unreasonably prejudicial to the government. The transcript for the proceedings in 1959 and 1960 cannot possibly be created at this time. In addition, the persons involved who could testify as to the proceedings would, if alive and capable of being located and testifying, have to try to recall events from one hearing that occurred over 50 years ago. Accordingly, the Court concludes that the Petition must be denied on the basis of the doctrine of laches.

Petitioner also argues that the Magistrate Judge ignored that the writ of *audita quarela* does not vacate judgments but, instead, remedies the collateral consequences of judgments. As the Magistrate Judge accurately concluded, however, Petitioner is challenging his 1960 conviction. For that reason, the Magistrate Judge correctly recommended denying as misplaced Petitioner's request for a writ of *audita quarela*.

In conclusion, the Court also notes that, on November 30, 1959, as reflected in a document produced by Petitioner (titled "Waiver of Assignment of Counsel"), Petitioner acknowledged that he had:

> been advised by the Court of my right to be represented by counsel, and having been asked by the Court whether I desire counsel to be assigned by the Court, . . ., in open court, voluntarily waive and relinquish my right to be represented by counsel at the trial of this cause.

On that basis, the Court finds that, despite Petitioner's claims to the contrary, he was not denied the right to counsel, but rather he waived his right to counsel, which he had the right to do. Accordingly, there was no deprivation of any constitutional or fundamental right, as Petitioner claims and the Petition must be denied and dismissed.

Accordingly, and for the reasons set forth above and in the Report and Recommendation, the Court hereby DENIES Amended Petition and Memorandum in Support of Extraordinary Writ pursuant to 28 U.S.C. § 1651. Judgment shall be entered accordingly.

IT IS SO ORDERED.

                                        S/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: January 13, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 13, 2011.

                                        S/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290